Slip Op. 20-83

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CANADIAN SOLAR INTERNATIONAL LIMITED ET AL.,** | |
| **Plaintiffs and Consolidated Plaintiffs,** | |
| **and** | |
| **SHANGHAI BYD CO., LTD. ET AL.,** | **Before: Claire R. Kelly, Judge** |
| **Plaintiff-Intervenors and Consolidated Plaintiff-Intervenors,** | **Consol. Court No. 17-00173** |
| **v.** | |
| **UNITED STATES,** | |
| **Defendant,** | |
| **and** | |
| **SOLARWORLD AMERICAS, INC. ET AL.,** | |
| **Defendant-Intervenor and Consolidated Defendant-Intervenors.** | |

## <u>OPINION AND ORDER</u>

[Sustaining the U.S. Department of Commerce's second remand redetermination in the third administrative review of the antidumping duty order covering crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China.]

Dated: June 15, 2020

Craig A. Lewis, Jonathan T. Stoel, and Michael G. Jacobson, Hogan Lovells US LLP, of Washington, DC, for Canadian Solar International Limited; Canadian Solar Manufacturing (Changshu), Inc.; Canadian Solar Manufacturing (Luoyang), Inc.; CSI Solar Power (China) Inc.; CSI-GCL Solar Manufacturing (YanCheng) Co., Ltd.; CSI Cells Co., Ltd.; Canadian Solar (USA), Inc.; and Shanghai BYD Co., Ltd.

Joseph H. Hunt, Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With him on the brief were Jeanne E. Davidson, Director, Reginald T. Blades, Jr., Assistant Director, and Meen Geu Oh, Trial Attorney.  Of counsel on the brief was Ian McInerney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Timothy C. Brightbill and Laura El-Sabaawi, Wiley Rein LLP, of Washington, DC, for SolarWorld Americas, Inc.

Kelly, Judge:  Before the court is the U.S. Department of Commerce's ("Department" or "Commerce") second remand redetermination filed pursuant to the court's order in Canadian Solar Int'l Ltd. v. United States, 43 CIT __, __, 415 F. Supp. 3d 1326, 1335 (2019) ("Canadian Solar II").  See Redetermination Pursuant to Ct's Second Remand Order in [Canadian Solar II], Feb. 11, 2020, ECF No. 147 ("Second Remand Results").

In Canadian Solar II, the court sustained in part and remanded in part Commerce's first remand determination in the third administrative review of the antidumping duty ("ADD") order on crystalline silicon photovoltaic products, whether or not assembled into modules, from the People's Republic of China ("PRC").  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the [PRC], 82 Fed. Reg. 29,033 (Dep't Commerce June 27, 2017) (final results of [ADD] admin. review and final determination of no shipments; 2014–2015) ("Final

<u>Results</u>") and accompanying Issues and Decision Memo. for the [Final Results], A-570-979, (June 20, 2017), ECF No. 44-5 ("Final Decision Memo"). Specifically, the court ordered Commerce to further explain or reconsider its application of partial adverse facts available ("AFA")[1] to base the unreported consumption rates of Canadian Solar's[2] unaffiliated suppliers. <u>Canadian Solar II</u>, 43 CIT at __, 415 F. Supp. 3d at 1329, 1332–35. On second remand, Commerce, under respectful protest,[3] reversed its decision to apply an adverse inference. <u>Second Remand Results</u> at 7. Defendant-Intervenor SolarWorld Americas, Inc. ("SolarWorld") argues that Commerce's determination is unreasonable and unlawful, when record evidence supports the application of an adverse inference and Commerce reasonably explained its reliance on partial AFA in the first remand redetermination. <u>See</u> [SolarWorld's] Cmts. Results Second Remand Redetermination at 3–4, Mar. 19, 2020, ECF No. 151

---

[1] Parties and Commerce sometimes use the shorthand "adverse facts available" or "AFA" to refer to Commerce's reliance on facts otherwise available with an adverse inference to reach a final determination. However, AFA encompasses a two-part inquiry pursuant to which Commerce must first identify why it needs to rely on facts otherwise available and, second, explain how a party failed to cooperate to the best of its ability as to warrant the use of an adverse inference when "selecting among the facts otherwise available." <u>See</u> 19 U.S.C. § 1677e(a)–(b).

[2] Plaintiffs Canadian Solar International Limited; Canadian Solar (USA), Inc.; Canadian Solar Manufacturing (Changshu), Inc.; Canadian Solar Manufacturing (Luoyang), Inc.; CSI Cells Co., Ltd.; CSI-GCL Solar Manufacturing (Yancheng) Co., Ltd.; and CSI Solar Power (China) Inc. are referred to, collectively, as "Canadian Solar."

[3] By adopting a position forced upon it by the Court "under protest," Commerce preserves its right to appeal. <u>See</u> <u>Viraj Grp., Ltd. v. United States</u>, 343 F. 3d 1371, 1376 (Fed. Cir. 2003).

("Def.-Intervenor's Br."); see also Remand Redetermination Pursuant to Ct. Remand Order in Canadian Solar Int'l Ltd. v. United States Consol. Ct. No. 17-00173, July 15, 2019, ECF No. 110 ("First Remand Results"). Defendant as well as Canadian Solar and Shanghai BYD Co., Ltd. ("Shanghai BYD") (collectively, "Plaintiffs") request the court to sustain the Second Remand Results. See Def.'s Request Sustain Results Commerce's Second Remand Redetermination at 1, Mar. 31, 2020, ECF No. 152 ("Def.'s Br."); [Canadian Solar's] Reply Cmts. Second Remand Redetermination at 1–2, Apr. 3, 2020, ECF No. 153 ("Pls.' Br."); [Shanghai BYD's] Reply Cmts. Remand Results, Apr. 3, 2020, ECF No. 154 ("Shanghai BYD's Br.").[4] For the reasons that follow, the court sustains Commerce's Second Remand Results.

## BACKGROUND

The court presumes familiarity with the facts of this case as set out in its previous two opinions ordering remand to Commerce, and now recounts those facts relevant to the court's review of the Second Remand Results. See Canadian Solar Int'l Ltd. v. United States, 43 CIT __, __, 378 F. Supp. 3d 1292, 1298–1300 (2019) ("Canadian Solar I"); Canadian Solar II, 43 CIT at __, 415 F. Supp. 3d at 1329–31. Relevant here, in the Final Results of the third administrative review, Commerce determined that a number of Canadian Solar's unaffiliated suppliers of solar cells and solar modules were interested parties that failed to provide sufficient information

---

[4] Consolidated Plaintiff Shanghai BYD incorporates Canadian Solar's arguments by reference and does not present arguments that differ from those made by Plaintiffs. See Shanghai BYD's Br. at 1; compare id. with Pls.' Br. at 5–9.

regarding their factors of production ("FOPs").[5]  See Final Decision Memo. at 15–18.

Commerce found that the suppliers did not comply with Commerce's request for

information and that Canadian Solar had the ability to induce cooperation from its

suppliers.[6]  Id. at 15–16.  As a result, Commerce selected among facts otherwise

available with an adverse inference and valued the unreported solar cell and solar

cell module FOPs by using Canadian Solar's highest reported consumption rates for

those solar cells and modules sold in the United States.  Id. at 18.  Canadian Solar

commenced an action pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930,

as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012), challenging this determination,

---

[5] In an antidumping proceeding, if Commerce considers an exporting country to be a non-market economy ("NME"), like the PRC, it will identify one or more market economy countries to serve as a "surrogate" for that NME country in the calculation of normal value.  See 19 U.S.C. § 1677b(c)(1), (4).  Normal value is determined on the basis of FOPs from the surrogate country or countries used to produce subject merchandise.  See id. at § 1677b(c)(1).  FOPs to be valued in the surrogate market economy include "hours of labor required," "quantities of raw materials employed," "amounts of energy and other utilities consumed," and "representative capital cost, including depreciation."  See id. at § 1677b(c)(3).  This analysis is designed to determine a producer's costs of production in an NME as if that producer operated in a hypothetical market economy.  See, e.g., Downhole Pipe & Equipment, L.P. v. United States, 776 F.3d 1369, 1375 (Fed. Cir. 2015); Nation Ford Chemical Co. v. United States, 166 F.3d 1373, 1375 (Fed. Cir. 1999); see also 19 U.S.C. § 1677b(c)(1).

[6] Commerce determined that Canadian Solar was "in a position to exercise leverage to induce cooperation" from its suppliers, given Canadian Solar's "industry position, rapid growth, significant purchases of solar cells and modules[.]"  See Final Decision Memo. at 16.

among other aspects of the <u>Final Results</u>.[7]  Summons, July 7, 2017, ECF No. 1;

Compl., July 7, 2017, ECF No. 8.[8]

 In <u>Canadian Solar I</u>, the court held that Commerce's decision to apply partial

AFA against Canadian Solar was contrary to law.  43 CIT at __, 378 F. Supp. 3d at

1318–20.  The court explained that where information is necessary to calculate a

respondent's dumping margin is not available on the record, <u>see</u> <u>id.</u>, Commerce

applies "facts otherwise available" in place of the missing information.  <u>See</u> <u>id.</u>, 43

CIT at __, 378 F. Supp. 3d at 1316; <u>see also</u> 19 U.S.C. § 1677e(a).  If Commerce "finds

that an interested party has failed to cooperate by not acting to the best of its ability

to comply with a request for information," Commerce may apply "an inference that is

adverse to the interests of that party in selecting among the facts otherwise

available."  19 U.S.C. § 1677e(b); <u>see also</u> <u>Canadian Solar I</u>, 43 CIT at __, 378 F. Supp.

3d at 1316.  However, under certain circumstances, Commerce may incorporate an

adverse inference under 19 U.S.C. § 1677e(a) in calculating a cooperative

respondent's margin, if doing so will yield an accurate rate, promote cooperation, and

thwart duty evasion.  <u>Mueller Comercial de Mexico S. de R.L. de C.V. v. United</u>

<u>States</u>, 753 F.3d 1227, 1232–36 (Fed. Cir. 2014); <u>see also</u> <u>Canadian Solar I</u>, 43 CIT at

__, 378 F. Supp. 3d at 1316–18 (summarizing <u>Mueller</u>).  Given that Commerce relied

---

[7] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

[8] This action was consolidated with actions brought by Qixin, Shanghai BYD Co., Ltd., Changzhou Trina Solar Energy Co., Ltd. et al., SolarWorld, and Sunpreme Inc. <u>See</u> Order, Sept. 26, 2017, ECF No. 41.

upon 19 U.S.C. § 1677e(b) to impose an adverse inference, the court held Commerce's

determination to be contrary to law.  <u>Canadian Solar I</u>, 43 CIT at __, 378 F. Supp. 3d

at 1318–20.  The court also held that, to the extent Commerce purported to rely on

19 U.S.C. § 1677e(a) to apply partial AFA, Commerce's finding that Canadian Solar

could potentially have induced its suppliers to cooperate was unsupported by

substantial evidence.  <u>Id.</u>, 43 CIT at __, 378 F. Supp. 3d at 1320–22.  As a result, the

court ordered Commerce to further explain or reconsider its determination.  <u>Id.</u>, 43

CIT at __, 378 F. Supp. 3d at 1322.

Commerce, on remand,[9] offered further explanation to justify its continued

imposition of partial AFA.  <u>See</u> <u>First Remand Results</u> at 15–29.  Specifically,

Commerce elaborated that it may consider an adverse inference against a non-

cooperative party when choosing facts otherwise available for a cooperative

respondent under 19 U.S.C. § 1677e(a) and that its use of an adverse inference

against Canadian Solar fulfills policy objectives of deterring non-cooperation and

duty evasion.  <u>Id.</u> at 16–23.  Commerce also explained that if Commerce did not apply

partial AFA, Canadian Solar would be incentivized to conduct business with parties

that did not cooperate with Commerce's investigation.  <u>Id.</u> at 20–21.  The court,

however, held that Commerce failed to demonstrate, as required by <u>Mueller</u>, that

applying an adverse inference would lead to the calculation of an accurate dumping

---

[9] Commerce issued the <u>First Remand Results</u> under respectful protest.  <u>See</u> <u>First</u>
<u>Remand Results</u> at 2 n.5.

margin and, further, that the record did not support Commerce's view that applying

an adverse inference would promote the policy considerations of avoiding non-

cooperation[10] and duty evasion.[11]  See Canadian Solar II, 43 CIT at __, 415 F. 3d at

1332–35. The court noted that Commerce did not address the accuracy concerns

identified by Mueller.  Id., 43 CIT at __, 415 F.3d at 1334 (citing Mueller, 753 F.3d at

1232–34).  In addition, the court noted that Commerce's cited policy objectives were

unsupported by substantial evidence.  See id., 43 CIT at __, 415 F.3d at 1334–35.  The

court again remanded Commerce's determination.  Id., 43 CIT at __, 415 F. 3d at

1335.

---

[10] The court explained that although Mueller speaks of "potentially refusing to do business" in order to "potentially induce" cooperation, the Court of Appeals also states that it would be potentially unfair to incorporate an adverse inference where a cooperating party had no control over a non-cooperating party.  Canadian Solar II, 43 CIT at __, 415 F. Supp. 3d at 1334 (citing Mueller, 753 F.3d at 1235).  Even though Commerce relied on Canadian Solar's market presence, continued growth, and supplier-specific accounts to support its finding that Canadian Solar could have induced its suppliers' cooperation, the court found that such facts "'do not reasonably indicate the presence of a long-term relationship creating leverage.'"  Id. (citing Canadian Solar I, 43 CIT at __, 378 F. Supp. 3d at 1320).

[11] Specifically, the court explained that even though the Court of Appeals in Mueller did not opine on the reasonableness of a finding of duty evasion, a threat of duty evasion arguably existed in Mueller because the uncooperative supplier was a mandatory respondent in the proceeding and had an incentive to evade its AFA rate by exporting through another party.  Canadian Solar II, 43 CIT at __, 415 F. Supp. 3d at 1334 (citing Mueller, 753 F.3d at 1229, 1235).  However, the court noted that Commerce's reference to Canadian Solar's payment of lower antidumping duties so that its products are more attractive to U.S. importers did not support the existence of such an incentive to evade duties.  Id.  To the court, this argument "prove[d] too much," because "[i] f all that is required is an interest in selling, it is unclear when Commerce would find an uncooperative supplier as not incentivized to evade duties."  Id.

Commerce filed its <u>Second Remand Results</u> under respectful protest as it disagrees with the court's holding in <u>Canadian Solar I</u> that Commerce failed to comply with <u>Mueller</u> and that record evidence did not support Commerce's interpretation of facts concerning duty evasion and deterrence of non-cooperation. <u>See</u> <u>Second Remand Results</u> at 8.  Commerce, on second remand, did not apply an adverse inference in selecting among facts otherwise available.  <u>Id.</u>  Instead, Commerce used the average consumption rates reported by Canadian Solar in employing partial facts available.  <u>Id.</u>  Commerce revised Canadian Solar's dumping margin to 3.19 percent.  <u>Id.</u> at 10.[12]

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c), which grant the court authority to review actions contesting the final determination in an administrative review of an antidumping duty order.  The court will uphold Commerce's determination unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).  "The results of a redetermination pursuant to court remand are also reviewed 'for compliance with the court's remand order.'" <u>Xinjiamei Furniture (Zhangzhou) Co. v. United States</u>, 38 CIT __, __, 968 F. Supp. 2d 1255, 1259 (2014)

---

[12] Commerce also revised the rate applicable to separate rate respondents to 3.19 percent.  <u>See</u> <u>Second Remand Results</u> at 10–12.

(quoting <u>Nakornthai Strip Mill Public Co. v. United States</u>, 32 CIT 1272, 1274, 587 F. Supp. 2d 1303, 1306 (2008)).

## DISCUSSION

SolarWorld argues that Commerce unreasonably and unlawfully declined to apply an adverse inference in the <u>Second Remand Results</u>, when Commerce's explanation in the <u>First Remand Results</u> adequately supported the application of partial AFA. <u>See</u> Def.-Intervenor's Br. at 3–6. Plaintiffs counter that SolarWorld failed to exhaust administrative remedies, because SolarWorld did not submit any comments on Commerce's draft remand redetermination. <u>See</u> Pls.' Br. at 5–7. Notwithstanding the failure to exhaust, Plaintiffs and Defendant contend that Commerce's second remand redetermination complies with the court's remand order. <u>See</u> <u>id.</u> at 7–10; Def.'s Br. at 3. For the reasons that follow, SolarWorld failed to exhaust its challenge to Commerce's <u>Second Remand Results</u>.

Parties are required to exhaust administrative remedies before the agency by raising all issues in their initial case briefs before Commerce. <u>Dorbest Ltd. v. United States</u>, 604 F.3d 1363, 1375 (Fed. Cir. 2010) (citing 19 C.F.R. § 351.309(c)(2), (d)(2); <u>Mittal Steel Point Lisas Ltd. v. United States</u>, 548 F.3d 1375, 1383 (Fed. Cir. 2008)); <u>see also</u> <u>ABB, Inc. v. United States</u>, 920 F.3d 811, 818 (Fed. Cir. 2019). However, the court has discretion not to require exhaustion of

administrative remedies.  28 U.S.C. § 2637(d); <u>see also</u> <u>Agro Dutch Indus. Ltd. v.</u> <u>United States</u>, 508 F.3d 1024, 1029 (Fed. Cir. 2007).[13]

Here, SolarWorld failed to exhaust its administrative remedies, because it did not file any comments on Commerce's draft remand redetermination.  <u>See</u> <u>Second</u> <u>Remand Results</u> at 8–9 (noting that only Canadian Solar and Shanghai BYD filed comments and that "[n]o party has contested [Commerce's] decision in the Draft Remand").  SolarWorld does not address the fact that it did not file comments in its case brief.  <u>See generally</u> Def.-Intervenor's Br.  Given that Commerce did not have the opportunity to hear the challenge in the first instance, the court declines to hear SolarWorld's challenge regarding Commerce's decision not to apply an adverse inference.[14]

---

[13] In addition, the Court has recognized several limited exceptions to the doctrine of exhaustion of administrative remedies such as: "where exhaustion would be 'a useless formality,' intervening legal authority 'might have materially affected the agency's actions,' the issue involves 'a pure question of law not requiring further factual development,' where 'clearly applicable precedent' should have bound the agency, or where the party 'had no opportunity' to raise the issue before the agency."  <u>SeAH Steel Corp. v. United States</u>, 35 CIT 326, 329, 764 F. Supp. 2d 1322, 1325–26 (2011) (citing <u>Jiaxing Brother Fastener Co. v. United States</u>, 34 CIT 1455, 1465–66, 751 F. Supp. 2d 1355–56 (2010)).

[14] In maintaining that Commerce appropriately applied partial AFA in the <u>First Remand Results</u>, SolarWorld appears to take issue with the court's holding in <u>Canadian Solar II</u>.  <u>See</u> Def.-Intervenor's Br. at 3–6.  Specifically, SolarWorld contends that in the <u>First Remand Results</u> Commerce proffered an adequate explanation that the application of Canadian Solar's highest reported per-unit consumption rates for the FOPs promotes accuracy, as required by <u>Mueller</u>.  <u>Id.</u> at 4.  In addition, SolarWorld alleges that there is record evidence indicating that the

(footnote continued)

## CONCLUSION

For the foregoing reasons, the <u>Second Remand Results</u> comply with the court's order in <u>Canadian Solar II</u> and, therefore, are sustained.   Judgment will enter accordingly.


                                                      /s/ Claire R. Kelly
                                                     Claire R. Kelly, Judge


Dated:        June 15, 2020
              New York, New York

---

threat of duty evasion exists and that the application of Canadian Solar's FOPs would promote the policy objective of deterring non-cooperation. <u>Id.</u> at 5–6.  However, as the court explained in <u>Canadian Solar II</u>, Commerce did not address the accuracy concerns identified by <u>Mueller</u> at all, namely whether the data Commerce selected promotes accuracy and why the alternative of using reported usage rates would not better promote accuracy.  <u>Canadian Solar II</u>, 43 CIT at __, 415 F. Supp. 3d at 1334. The court also found that Commerce failed to point to any record evidence that would substantiate its concerns of a threat of duty evasion exists and that Canadian Solar could have induced its suppliers to cooperate.  <u>Id.</u>, 43 CIT at __, 415 F. Supp. 3d at 1334–35.